UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ROBERT C. WALKER,
Institutional ID No. 02384194

    Plaintiff,

v.

ZACHARY DAVIS,

    Defendant.

No. 6:22-CV-00034-H

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation that the Court grant in part and deny in part Defendant's motion to dismiss under Rule 12(b)(6). Defendant objected, Dkt. No. 46, and Plaintiff responded to Defendant's objections, Dkt. No. 47. The Court conducted a de novo review of the relevant portions of the record and the Magistrate Judge's report. The Court concludes the Magistrate Judge's findings and conclusions are correct and overrules Defendant's objections for essentially the reasons given in Plaintiff's response. Dkt. No. 47. The Court also independently examined the record and reviewed the unobjected-to portions of the Magistrate Judge's findings, conclusions, and recommendation for plain error, and found none. Thus, the Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

As a result, the Court grants in part Defendant's motion to dismiss under Rule 12(b)(6). Specifically, the Court orders that:

1. Plaintiff's excessive-use-of-force claim based on Defendant's conduct prior to and including Defendant's handcuffing of Plaintiff is dismissed with prejudice

      until he demonstrates that he has satisfied the favorable-termination requirement of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

2. Plaintiff's state-law claims are dismissed with prejudice as barred under the Texas Tort Claims Act.

The Court otherwise denies Defendant's motion to dismiss. Based on the pleadings and the findings, conclusions, and recommendation of the Magistrate Judge, the Court concludes that *Heck* does not bar Plaintiff's excessive-force claim as it relates to Defendant's conduct after Plaintiff was handcuffed. The Court also finds that, at this stage of the proceedings, Plaintiff has pled facts which, if true, plausibly allege that Defendant violated his clearly established constitutional rights to be free of excessive force (after he was immobilized in handcuffs) and to refuse medical care. As a result, the Court concludes that Plaintiff has pled sufficient facts about these claims to overcome Defendant's assertion of qualified immunity.[1]

The Court will enter a separate scheduling order, setting forth dates for completion of discovery and other pretrial deadlines, including the filing of dispositive motions.

So ordered.

Dated March 13, 2025.

JAMES WESLEY HENDRIX
United States District Judge

---

[1] This finding is limited to the pleadings and the standards applicable at the motion-to-dismiss stage. The parties dispute several facts, including Plaintiff's state of mind throughout the encounter and his capacity to refuse medical care, the necessity of medical evaluation and treatment, whether Plaintiff was under arrest after Defendant secured him in handcuffs. These fact issues cannot be properly resolved on the pleadings alone. Accepting Plaintiff's allegations as true at this stage in the case, Plaintiff has plausibly alleged that Defendant forcibly held him down to facilitate unwanted and unnecessary medical treatment—stapling his head wound—after he repeatedly and competently refused. Thus, Plaintiff is entitled to collect and offer evidence to support his claim. The Court recognizes, however, that the discovery process may produce evidence that sheds a different light on Plaintiff's claims and Defendant's assertion of qualified immunity.